UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CARLY M. CLARK,**
633 West Wilson Street, Apt. 415
Madison, WI 53703

          Plaintiff,

vs.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

          Defendant.

Case No. 21-cv-469

---

# COMPLAINT

---

The Plaintiff, Carly M. Clark, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Madison, Wisconsin.

2. Defendant, The Prudential Insurance Company of America, on information and belief is a corporation organized under the laws of New Jersey, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Epic Systems Corporation ("the Plan"),

an employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least January 1, 2019 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former Software Developer Worker for Epic Systems Corporation.

9. During the course of Plaintiff's employment, she became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") coverage provided by the Plan.

10. Plaintiff ceased working on April 30, 2020 due to Avoidant/Restrictive Food Intake Disorder ("ARFID").

11. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

12. Defendant was responsible for paying Plaintiff's LTDI benefits.

13. Had Defendant approved Plaintiff's claim for LTDI benefits, these benefits would have become payable on July 29, 2020.

14. Plaintiff's LTDI benefit is worth $4,750.00 per month.

15. Defendant denied Plaintiff's LTDI benefits claim in its entirety.

16. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

17. Plaintiff submitted complete medical documentation in support of her disability as part of the appeal.

18. Plaintiff submitted evidence in support of her appeal showing that she was diagnosed with ARFID in May 2020.

19. Plaintiff submitted evidence in support of her appeal showing that she did not develop symptoms of ARFID until 2020.

20. Plaintiff submitted evidence in support of her appeal showing that she was not disabled by any pre-existing condition, as that term is defined by the Plan.

21. Plaintiff submitted all information requested by the Defendant.

22. Defendant failed to consider the issues raised in Plaintiff's appeal.

23. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

24. Defendant did not perform a "full and fair review" of Plaintiff's claim.

25. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

26. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

27. Defendant failed to engage in a meaningful dialogue with Plaintiff.

28. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

29. Defendant conducted a selective review of Plaintiff's medical records.

30. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

31. Plaintiff has not been and is not presently disabled by a pre-existing condition, as that term is defined by the Plan.

32. At all times material to this case, the Plan has remained in full force and effect.

33. Defendant's denial of Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

34. The preceding paragraphs are reincorporated by reference as though set forth here in full.

35. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is "arbitrary and capricious" as the Plan has granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

36. Defendants wrongfully, arbitrarily, and capriciously denied Plaintiff benefits.

37. Defendants interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

38. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plans from one case to the next.

39. As both the payer of claims and the adjudicator of LTDI claim eligibility, Defendant has an inherent conflict of interest.

40. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

41. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Carly M. Clark, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B.  A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C.  Prejudgment interest;

D.  Reasonable attorney's fees and costs related to the action; and

E.  Such other and further relief that the Court deems just and equitable.

Dated: July 26, 2021.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Carly M. Clark*

        By: */s/ Danielle M. Schroder*
        Danielle M. Schroder
        Email: dschroder@hq-law.com
        Jessa L. Victor
        Email: jvictor@hq-law.com
        409 East Main Street
        P.O. Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: 608/257-0040
        Facsimile: 608/256-0236